IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER CUDE, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO.,<br><br>*Defendant*. | CASE NO.:  3:25-cv-00475 |

## CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE:

**COMES NOW** Plaintiff Christopher Cude, individually and on behalf of all other similarly situated individuals ("Plaintiff") and hereby complains against Defendant Government Employees Insurance Company d/b/a GEICO ("GEICO" or "Defendant"); and moves this Court to certify Plaintiff as class and that this litigation proceed as a class action. In support thereof, Plaintiff would respectfully show the Court the following:

### I.  INTRODUCTION

1. This is a class action on behalf of consumers who purchased GEICO Auto Insurance.

2. GEICO represented to consumers that if you purchase GEICO Auto Insurance, Accident Forgiveness coverage would be awarded and/or could added, if you have been insured with GEICO for 5 years and have a "clean driving record." Consumers can also purchase GEICO's Accident Forgiveness coverage when initially purchasing GEICO Auto Insurance or when

renewing a GEICO Auto Insurance policy.

3. GEICO represents to consumers that with Accident Forgiveness coverage, "Your insurance rate won't go up as a result of your first otherwise surchargeable, at-fault accident."

4. GEICO further represents that "[h]aving Accident Forgiveness offers peace of mind and can save you money in the long run."

5. GEICO states Accident Forgiveness will prevent insurance rates from increasing as a result of a driver's first at-fault accident.

6. GEICO bills itself as a fair and honest company.

7. GEICO spends millions of dollars advertising its insurance. In those advertisements, GEICO holds itself out as an expert in the insurance industry, including auto insurance.

8. GEICO, however, is not fair and honest.

9. Plaintiff was notified by GEICO that he earned GEICO's Accident Forgiveness coverage for his vehicles.

10. Contrary to GEICO's representations regarding its Accident Forgiveness coverage, Plaintiff's premiums increased following a first at-fault accident. GEICO has redefined this premium increase as a "surcharge."

11. In its scheme to unlawfully induce consumers to purchase its Auto Insurance, GEICO unjustifiably and artificially increases its insurance premiums for its customers with Accident Forgiveness coverage by characterizing it as a "surcharge." GEICO employs methods directly in violation of the Texas Deceptive Trade Practices Act ("DTPA"): Tex. Bus. & Com. Code Ann. § 17.01, *et seq.*, the Texas Insurance Code: Tex. Ins. Code § 541.001, *et seq.*, Texas common law, and the representations they made and continue to make to the public in their policies


and advertisements.

## II. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more Class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one member of the nationwide class of plaintiffs and one defendant are citizens of different States.

13. This Court has specific personal jurisdiction over GEICO because GIECO conducts business in Texas, has purposefully availed itself of the benefits and protections of Texas by continuously and systematically conducting substantial business in this judicial district, directing advertising and marketing materials to districts within Texas, and intentionally and purposefully placing its insurance policies into the stream of commerce within the districts of Texas and throughout the United States with the expectation and intent that consumers would purchase them. Thousands of GEICO insurance policies have been sold in Texas and operate within the State and this judicial district.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial and material part of the events and/or omissions giving rise to the claims occurred within this district. Additionally, GEICO has multiple locations in this district, transacts business in this district, and is subject to personal jurisdiction in this district.

## III. PARTIES

**A.     Plaintiff Christopher Cude**

15. Plaintiff Christopher Cude ("Cude") is an individual over 18 years of age. He is, and at all relevant times was, a resident of the city of Dallas, Dallas County, Texas.

16. On May 24, 2024, Cude renewed with automotive insurance with GEICO that covers himself and his wife, Caroline, Policy Number Policy Number: 4306-41-98-07, Coverage Period: 07-28-24 through 01-28-25. Cude was notified by GEICO that his new premium for his automotive coverage was $1,392.20. His previous premium was $1,357.90, a 2.5% increase.

17. The Declarations Page dated May 24, 2024 states:

> Congratulations! You have earned the free Accident Forgiveness benefit. That means we will waive the surcharge associated with the first at-fault accident caused by an eligible driver on your policy.

18. On October 24, 2024, Cude's wife got into a minor fender bender accident at which she was at fault. This was the Cudes' first at-fault accident.

19. On November 24, 2024, Cude received a policy renewal letter from GEICO for the same Policy Number Policy Number: 4306-41-98-07, Coverage Period: 01-28-25 through 07-28-25. GEICO notified Cude that his premium increased to $2,663.70, a 91.3% increase.

20. When Cude reached out to GEICO for an explanation of the premium increase and to remind GEICO that he had Accident Forgiveness, the GEICO representative told him that his premium did not increase, but instead, GEICO merely applied a surcharge.

**B.     GEICO**

21. Defendant Government Employees Insurance Company d/b/a GEICO is a foreign insurance company licensed to do business in the State of Texas, and said company is engaged in writing insurance in Texas. GEICO may be served with process by serving its registered agent, Dan Beacom at 2280 North Greenville Avenue, Richardson, Texas 75082.

### IV.     FACTUAL ALLEGATIONS

22. GEICO holds itself out as a fair and honest insurance company. In 2022 alone, GEICO spent over $1.5 billion in advertising its insurance and promoting its reputation as a

trustworthy company.[1]

23.     In those advertisements, GEICO heavy promotes is Accident Forgiveness policy.[2] Pursuant to the Accident Forgiveness policy, GEICO "will waive the surcharge associated with the first at-fault accident caused by an eligible driver on your policy."

24.     On its website, GEICO promotes that "Accident Forgiveness may allow drivers to save on their premiums and retain good driver discounts."[3]

25.     Contrary to GEICO's representations regarding its Accident Forgiveness coverage, GEICO artificially increases premiums for consumers with Accident Forgiveness following a first at-fault accident.

26.     In its scheme to unlawfully induce consumers to purchase its Auto Insurance, GEICO unjustifiably and artificially increases its insurance premiums for its customers with Accident Forgiveness coverage by characterizing it as a "surcharge" or other artificial term.

27.     Thus, Plaintiff brings this class action against GEICO to remedy GEICO's wrong.

## V.    CLASS ALLEGATIONS

28.     Plaintiff brings this action on their own behalf, and on behalf of a Texas class pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(2), and/or 23(b)(3).

**Texas Class**

All persons or entities in the State of Texas insured by GEICO with Accident Forgiveness whose premiums increased following the first at-fault accident caused by an eligible driver on the policy.

29.     The Texas State Class shall be collectively referred to herein as the "Class."

---

[1] https://www.statista.com/statistics/264968/ad-spend-of-selected-insurance-companies-in-the-us/#:~:text=Ad%20spend%20of%20selected%20insurance%20brands%20in%20the%20U.S.%20in%202022&text=In%202022%2C%20GEICO%20ranked%20as,invested%20in%20measured%20media%20spending
[2] https://www.geico.com/auto-insurance/accident-forgiveness/
[3] https://www.geico.com/auto-insurance/accident-forgiveness/

Excluded from the Class Insureds are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which any Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the GEICO's sole possession and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis allege, that millions of premiums for GEICO insurance policies with Accident Forgiveness have increased following the first at-fault accident in violation of the Accident Forgiveness policy that are the subject of the Class.

31.     **Existence and Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, whether:

a) Whether GEICO insurance policies were renewed or sold with the Accident Forgiveness policy;

b) Whether GEICO's Accident Forgiveness policy prohibited it from increasing premiums due to first at-fault accidents;

c) Whether GEICO required its insured to pay additional costs for its Accident Forgiveness policy;

d) Whether GEICO failed to adhere to its Accident Forgiveness policy;

e) Whether GEICO's contract disclosed all relevant information relating to its calculation of premiums with Accident Forgiveness;

f) Whether GEICO's representations and the Accident Forgiveness policy misrepresent a material fact or policy provision;

g) Whether GEICO's policy fails to disclose material facts;

h) Whether GEICO's policy is misleading with respect to material facts;

i) Whether GEICO had an agreement or understanding on how to calculate increased premiums on policies with Accident Forgiveness;

j) Whether GEICO had an agreement or understanding to artificially assess increases of premiums without violating its Accident Forgiveness policy.

32. The questions of law and fact common to the Class Insureds predominate over any questions affecting only individual members, if any. The issues raised in this action involve: (1) substantially identical insurance policies, (2) uniform regulations of the Texas Insurance Code, (3) practices that were used uniformly by GEICO to assess increases in premiums, (4) a common intention of the part of GEICO with respect to the use of the Accident Forgiveness policy, and (5) a uniform evaluation of the increase in premiums for Plaintiff and the Class performed by GEICO and information within GEICO's possession or readily available to it. There are essentially no material questions in this action which are not common to Plaintiff and the Class.

33. Defendant's use of valuation systems to artificially increase premiums will be shown through common evidence which is readily ascertainable to or within GEICO's possession.

34. **Typicality:** Plaintiff Cude's claims are typical of the claims of Class, in that Plaintiff and all members of the class entered into an agreement with GEICO. Plaintiff shares the above-referenced facts and legal claims or questions with the Class, there is a sufficient relationship between the damage to Plaintiff and GEICO's conduct affecting the Class, and Plaintiff has no interests adverse to the interests of other Class members. The claims of the Plaintiff

and Defendant's defenses to those claims are typical of the claims to be advanced by members of the Class and Defendant's defenses thereto. Plaintiff and the proposed Class have suffered a common injury arising out of GEICO's common course of conduct as alleged herein. Upon information and belief, the relevant portions of GEICO's automobile policies issued during the relevant time period are substantially the same for each member of the Class. Upon information and belief, GEICO's applicability of the Accident Forgiveness policy provided to Plaintiff and the Class were achieved in the same manner, following the same or substantially the same methods and criteria.

35. **Adequacy:** Plaintiff adequately represents the Class because their interests do not conflict with the interests of the Class they seek to represent, they have retained counsel who are competent and highly experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and his counsel are well-suited to fairly and adequately protect the interests of the Class.

36. **Superiority:** A class action is superior to other methods for the fair and efficient adjudication of this controversy because (1) there has been no interest shown of members of the class in individually controlling the prosecution of separate actions; (2) Plaintiff is aware of no other Texas litigation concerning the controversy already commenced by any member of the class; (3) it is desirable to concentrate the litigation in this forum; and (4) there are no difficulties likely to be encountered in the management of this class action.

37. GEICO has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

38. Plaintiff and the Class incorporate by paragraphs 1-37 as though fully set forth at length herein.

39. GEICO is a "person," as defined by the DTPA § 17.45(3) and Tex. Ins. Code § 541.002, and has, at all times as described below, engaged in conduct that constitutes "trade" and "commerce," as those terms are defined by § 17.45(6) of the DTPA, and also in conduct that constitutes the "business of insurance" in Texas under Tex. Ins. Code Chapter 541.

40. GEICO has violated and continues to violate Tex. Bus. & Com. Code § 17.41, et seq. by engaging in an unconscionable action or course of action and by using and employing acts and practices in violation of Chapter 541 of the Insurance Code. Plaintiff asserts causes of action against and seeks damages and other relief against GEICO under the DTPA pursuant to § 17.50(a)(3) and § 17.50(a)(4).

41. The unlawful conduct of GEICO has affected and continues to affect persons in the State of Texas.

42. GEICO misrepresented it would not increase the premiums for its insured with Accident Forgiveness due to first at-fault accidents.

43. GEICO took advantage of its total loss insureds' relatively disadvantaged positions by failing to comply with its Accident Forgiveness policy through its employment of an improper scheme designed to ensure GEICO's customers would still pay higher premiums due to first at-fault accidents.

44. As a result, Plaintiff and the Class paid artificially increased premiums for first at-fault accidents that fell under the Accident Forgiveness policy and have been damaged accordingly.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF TEXAS INSURANCE CODE

45. Plaintiff and the Class incorporate by paragraphs 1-37 as though fully set forth at length herein.

46. Plaintiff and the Class are "persons" within the meaning of the Texas Insurance Code § 541.002(2).

47. Plaintiff and Class Insureds were injured by GEICO's unfair practices in the business of insurance. Tex. Ins. Code § 541.151.

48. GEICO committed these violations of the Texas Insurance Code knowingly. Tex. Ins. Code § 541.152(b).

49. GEICO has violated Tex. Ins. Code Chapter 541 by engaging in one or more of the following acts or practices:

   a. Engaging in unfair or deceptive acts or practices in the business of insurance, in violation of Tex. Ins. Code § 541.003;

   b. Making, issuing, or circulating, or causing to be made, issued or circulated, a statement misrepresenting the benefits or advantages of insurance policies, in violation of Tex. Ins. Code § 541.051(1)(B);

   c. Making, publishing, disseminating, circulating or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, a statement containing an untrue, deceptive, or misleading assertion, statement, representation or statement regarding the business of insurance, in violation of Tex. Ins. Code § 541.052;

   d. Misrepresenting a material fact or policy provision relating to coverage at issue in violation of Tex. Ins. Code § 541.060(1);

    e. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, in violation of Tex. Ins. Code § 541.060(2)(A);

    f. Making an untrue statement of material fact in violation of Tex. Ins. Code §541.061(1);

    g. Failing to state a material fact necessary to make the other statements made not misleading, considering the circumstances under which the statements were made, in violation of Tex. Ins. Code § 541.061(2);

    h. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact, in violation of Tex. Ins. Code § 541.061(3);

    i. Making a material misstatement of law in violation of Tex. Ins. Code §541.061(4)

50. GEICO misrepresented and marketed it would not increase the premiums for its insured with Accident Forgiveness due to first at-fault accidents.

51. GEICO took advantage of its total loss insureds' relatively disadvantaged positions by failing to comply with its Accident Forgiveness policy through its employment of an improper scheme designed to ensure GEICO's insured would still pay higher premiums due to first at-fault accidents.

52. As a result, Plaintiff and the Class paid artificially increased premiums for first at-fault accidents that fell under the Accident Forgiveness policy and have been damaged accordingly.

**THIRD CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

53. Plaintiff and the Class incorporate by paragraphs 1-37 as though fully set forth at length herein.

54. Texas law recognizes a duty of good faith and fair dealing in the insurance context. *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The duty arises from the special relationship that is created by the contract between the insurer and the insured. *Id.*; *see also Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) (recognizing that the duty arises "not from the terms of the insurance contract, but from an obligation imposed in law" as a result of the special relationship).

55. At all times herein mentioned, GEICO knew, or in the exercise of good faith reasonably should have known that Plaintiff and Class were legally entitled to not have their premiums increase for first at-fault accidents that fell under the Accident Forgiveness policy, and that GEICO was obligated to not raise premiums due to first at-fault accidents that fell under the Accident Forgiveness policy.

56. GEICO knew that it could not increase premiums for first at-fault accidents for its insureds that fell under the Accident Forgiveness policy.

57. GEICO increased premiums due to first at-fault accidents that fell under the Accident Forgiveness policy when it was reasonably clear that it could not do so.

58. As a proximate result of GEICO's wrongful conduct, Plaintiff and Class Insureds were damaged.

## FOURTH CAUSE OF ACTION
## MONEY HAD AND RECEIVED/UNJUST ENRICHMENT (IN THE ALTERNATIVE)

59. Plaintiff and the Class incorporate by paragraphs 1-37 as though fully set forth at length herein.

60. As a result of their wrongful and fraudulent acts and omissions, as set forth above, pertaining to the GEICO's Accident Forgiveness policy, GEICO wrongfully charged higher premiums for their insureds than was allowed under the Accident Forgiveness policy and GEICO obtained monies which rightfully belong to Plaintiff and the Class members.

61. GEICO enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and the Class members, who paid higher premium prices. It would be inequitable and unjust for GEICO to retain these wrongfully obtained profits.

62. Plaintiff, therefore, seeks an order establishing GEICO as a constructive trustee of the profits unjustly obtained, plus interest.

## VII.   JURY DEMAND

63. Plaintiff, on behalf of himself and the putative Class, hereby demand a trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, respectfully request that this Court:

    a. determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

    b. appoint Plaintiff as the representatives of the Class and his counsel as Class counsel;

    c. award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and members of the Class are entitled;

    d. award pre-judgment and post-judgment interest on any monetary relief;

  e. grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that prohibits GEICO from future violations of Texas law and mandating it adheres to its Accident Forgiveness policy;

  f. An order awarding damages authorized by law, including treble damages under Texas Insurance Code § 541.152(b);

  g. award reasonable attorneys' fees and costs; and

  h. grant such further relief that this Court deems appropriate.

Dated: February 25, 2025.

Respectfully submitted,

By: /s/ *Bruce W. Steckler*
Bruce W. Steckler
Austin P. Smith
Paul D. Stickney
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
bruce@stecklerlaw.com
austin@stecklerlaw.com
judgestickney@stecklerlaw.com

**ATTORNEYS FOR PLAINTIFF CHRISTOPHER CUDE AND THE PROPOSED CLASS**