IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER CUDE,                          §
                                           §
        Plaintiff,                         §
                                           §
v.                                         §        Civil Action No. 3:25-CV-475-N
                                           §
GOVERNMENT EMPLOYEES INS. CO.,             §
                                           §
        Defendant.                         §

## ORDER

This Order addresses Defendant Government Employees Insurance Company's ("GEICO") motion to dismiss. [8]   Because Plaintiff Cude fails to allege fraud with particularity, and otherwise asserts inapplicable causes of action, the Court grants the motion and gives Cude leave to amend in response to the Court's Order.

### I. THE ACCIDENT FORGIVENESS POLICY

GEICO provides automobile insurance policies, presumably among other types of insurance.[1]   Cude alleges that GEICO maintains an accident forgiveness policy (the "AF Policy").  Pursuant to the AF Policy, GEICO holds out that it will not increase an insured's premiums for the first at-fault accident.  It appears an insured could purchase AF Policy at inception or renewal of coverage, or it could be awarded after five years with a "clean driving record."  Complaint ¶ 2.

---

[1] This discussion is taken from Cude's Class Action Complaint (the "Complaint") [1].

ORDER – PAGE 1

Cude alleges that after his wife had an at-fault accident, GEICO increased his insurance cost by over 90%. *Id.* ¶¶ 18-19. When Cude asked GEICO to explain the increase, reminding them of the AF Policy, the GEICO representative said that it was not a premium increase, but rather a "surcharge." *Id.* ¶ 20.

Cude now brings this action against GEICO on behalf of himself and putatively on behalf of all similarly situated Texas drivers. Cude asserts claims for (1) violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41, *et seq.*, (21) violations of the Texas Insurance Code ch. 541, (3) breach of the implied covenant of good faith and fair dealing, and (4) unjust enrichment. GEICO now moves to dismiss all the claims under Federal Rule of Civil Procedure 12(b)(6), or alternatively for abatement pursuant to the DTPA.

## II. STANDARD OF REVIEW

The standards for a Rule 12(b)(6) motion to dismiss are well-known and the Court will not repeat them all here. *See Ashcroft v. Iqbal*, 556 U.S. 661 (2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, Cude acknowledges that his DTPA and Insurance Code claims are subject to the heightened pleading requirements of Rule 9(b).[2] *See* Cude Br. at 2 [17]. Under Rule 9(b) a plaintiff must allege with specificity the "who, what, when, where and how" of the fraudulent scheme. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009); *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.* 336 F.3d 375, 384 (5th Cir. 2003).

---

[2] The Court does not say that *all* claims under the DTPA and Insurance Code fall under Rule 9(b), but agrees that Cude's specific claims sound in fraud and do.

ORDER – PAGE 2

### III. CUDE FAILS TO STATE A CLAIM UNDER THE DTPA OR INSURANCE CODE

GEICO's primary argument under the DTPA and Insurance Code is that Cude simply takes a breach of contract claim, i.e., GEICO failed to perform under the AF Policy, and dresses it up as DTPA and Insurance Code claims. The Court disagrees.

Cude adds the additional element of, essentially, fraud in the inducement. Cude correctly argues that Texas courts distinguish this context from simple breach of contract. *See, e.g.*, *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). The Court therefore denies GEICO's motion to dismiss on the basis that Cude's DTPA and Insurance Code claims are simple breach of contract claims in disguise.

The does not mean that Cude is home free, however. Cude has two problems in pleading the "how" of the claims with particularity.

First, Cude fails to plead causation with particularity. He twice alleges that GEICO engaged in a scheme to induce consumers to acquire auto insurance from it by falsely representing the benefits of the AF Policy. *See* Complaint ¶¶ 11, 26.[3] The problem is that he does not plead that it worked. In particular, he does not plead the GEICO AF Policy scheme caused him to do *anything*. The implication is that the scheme caused him to acquire or renew auto insurance from GEICO. But an implication is far from pleading with particularity. Cude must plead how and why he did something because of the AF Policy.

---

[3] He also refers to a GEICO scheme to cause its customers to pay higher premiums. *See id.* ¶ 43. This does not appear to refer to the original causation issue.

ORDER – PAGE 3

Second, Cude fails to explain how he was damaged by the alleged scheme. In some places he implies that it was the higher premium charged post-first-at-fault accident.[4] *See, e.g.*, Complaint ¶¶ 9, 43, 51. He also hints that GEICO's pre-surcharge rates were higher because of the promised benefits of the AF Policy. *Id.* ¶¶ 9, 11. Again, hints and implications are far from pleading with particularity. Cude must plead with particularity how GEICO's alleged misrepresentation about the AF Policy caused him damages.

The Court recognizes that pleading causation and a damage theory with particularity may raise difficulties for Cude's class certification arguments. That is a problem caused by Rule 9(b), however, not the Court's Order.

## IV. CUDE DOES NOT HAVE A VIABLE BAD FAITH CLAIM

GEICO moves to dismiss Cude's bad faith claim on the basis that Cude is not alleging bad faith claim handling, but rather bad acts in the inception or renewal of an auto insurance policy. Def. Br. 7. GEICO argues that no Texas court has ever found a duty of good faith on the part of an insurance company outside the claim handling context. *See, e.g.*, *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). In response, Cude cites no Texas case for the proposition that the implied duty of good faith applies outside the claim handling context. The Court declines to be the first one to extend the implied duty to the instant context. Accordingly, the Court grants GEICO's motion to dismiss Cude's bad faith claim.

---

[4] Query why he did not simply change insurance companies instead of paying the "surcharge."

ORDER – PAGE 4

### V. CUDE DOES NOT HAVE A VIABLE UNJUST ENRICHMENT CLAIM

Cude pleads in the alternative for relief for unjust enrichment.  This Court has previously noted the uncertainty on whether Texas has a standalone unjust enrichment cause of action.  *See Janvey v. Alguire*, 846 F. Supp. 2d 662, 673-74 (N.D. Tex. 2011) (Godbey, J.).  To the extent courts have allowed it, it has been a "gap filler" remedy, i.e., it would not exist if there were another remedy available.  *See Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 549-550 (N.D. Tex. 2005) (Texas courts do not imply a "gap filler" tort when another remedy exists).  Here, Cude has ample other remedies.  He has asserted claims under the DTPA and Insurance Code.  And although he doesn't assert them, he also has common law remedies, such as breach of contract.  Without considering whether Texas has a standalone unjust enrichment claim, the Court holds that under these circumstances, where Cude has ample other remedies available, it will not allow an unjust enrichment claim.  Accordingly, the Court grants GEICO's motion to dismiss Cude's unjust enrichment claim.

### VI. THE COURT ABATES THE CASE

Finally, GEICO moves to abate the case under TEX. BUS. & COMM. CODE § 17.505(d).  Cude's main response is that it would be pointless to abate the case now.  But the Fifth Circuit has required abatement even after a case has been filed.  *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).  Accordingly, the Court grants GEICO's motion to abate.

ORDER – PAGE 5

**CONCLUSION**

Because GEICO is well-aware of Cude's claims at this point, the Court does not require a separate DTPA notice letter.  The Court abates this case for 60 days from the date of this Order.  The Court grants Cude leave to amend his DTPA and Insurance Code claims to allege causation and damages with particularity.  The Court dismisses Cude's DTPA and Insurance Code claims without prejudice.  Because the problems with Cude's bad faith and unjust enrichment claims are structural, rather than formal, the Court dismisses those claims with prejudice.  Cude shall file his amended DTPA and Insurance Code claims within fourteen (14) days after the end of the abatement; if no amended complaint is filed by that time, the Court will dismiss this action with prejudice without further notice.

Signed March 23, 2026.

_____
David C. Godbey
Senior United States District Judge

ORDER – PAGE 6